## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSHUA D. HOLMES,
              Appellant,

v.

DEPARTMENT OF THE NAVY,
              Agency.

DOCKET NUMBER
SF-0752-13-0752-I-1

DATE: September 17, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John R. Setlich</u>, Rancho Cucamonga, California, for the appellant.

<u>Emily A. Jackson-Hall</u> <u>Jennifer Gazzo</u>, and Camp Pendleton, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which found that the agency proved the charges of possession of drugs and drug paraphernalia and being under the influence of drugs, concluded that there was a nexus between the sustained misconduct and the efficiency of the service, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

affirmed the removal penalty. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to clarify the administrative judge's nexus analysis, but we agree with the administrative judge that there is a nexus between the sustained misconduct and the efficiency of the service. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      Effective June 12, 2013, the appellant was removed from his telecommunications mechanic position based on charges of: (1) possession of drugs and drug paraphernalia; and (2) being under the influence of drugs. Initial Appeal File (IAF), Tab 6, Subtabs 4b (removal Standard Form 50), 4c (proposal notice), 4d (decision letter). The appellant filed a Board appeal. IAF, Tab 1. He did not assert any affirmative defenses. IAF, Tab 18 at 5. A hearing was held. Hearing Compact Diskette (CD). The administrative judge issued an initial decision, which sustained both charges, found that there was a nexus between the misconduct and the efficiency of the service, and affirmed the removal penalty. IAF, Tab 38, Initial Decision (ID).

¶3     The appellant filed a petition for review, the agency filed a response, and the appellant appears to have filed two reply briefs.  *See* Petition for Review (PFR) File, Tabs 1, 4-6.  On review, the appellant states that he does not agree with the initial decision, and asserts that the administrative judge was "biased" and "one[-]sided."  PFR File, Tab 1 at 3.  He generally disputes the charges and argues that the penalty was too harsh.  *Id.*

¶4     We have considered the documentary and testimonial evidence, and we agree with the administrative judge that the agency proved by preponderant evidence that the appellant committed the charged misconduct.  ID at 3-5; *see* IAF, Tab 6, Subtabs 4c (proposal notice), 4d (decision letter), 4e (incident report); IAF, Tab 25 (toxicology report); Hearing CD.  The appellant asserts on review that the administrative judge erred when he stated that the appellant did not respond to the proposal notice and the appellant did not perform well on the field sobriety tests.  PFR File, Tab 1 at 3.  He also states that, during the hearing, "both officers denied smelling any marijuana coming from [his] vehicle."  *Id.* These arguments do not warrant a different outcome.

¶5     Despite the appellant's contention, there does not appear to be a response to the proposal notice in the file.  Moreover, the deciding official stated in the decision letter that the appellant did not respond to the proposal notice.  *See* IAF, Tab 6, Subtab 4d at 1.  Additionally, the administrative judge noted the appellant's testimony that he performed well on the field sobriety tests; however, the administrative judge credited the officer's testimony that the appellant's performance on the tests was consistent with being under the influence of alcohol or drugs, and he noted that the officer's testimony was "corroborated" by the urine and blood tests and the testimony of the toxicologist.  ID at 5.  We discern no error with the administrative judge's assessment in this regard.  *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (explaining that, to resolve credibility issues, an administrative judge may consider the consistency of the testimony with other evidence).  Even if both officers testified that they did not

smell marijuana coming from the appellant's vehicle,[2] such evidence does not change our disposition. Indeed, there is ample other evidence in the record to support the charges, including the toxicology report and the testimony of the toxicologist, who credibly testified that the results were consistent with the appellant's ingestion of marijuana approximately 12-24 hours before the samples were collected, and the testimony of the officers regarding the appellant's behavior, the drug-detecting dog's behavior around the appellant's vehicle, the drug paraphernalia collected from inside the appellant's vehicle, and the fact that the items collected from the appellant's vehicle tested positive for cannabis (marijuana). *See, e.g.*, IAF, Tab 6, Subtab 4e, Tab 25 at 6; Hearing CD.

¶6        In the initial decision, the administrative judge found that the agency established the required nexus because it had a legitimate interest in disciplining an employee for possession of drugs on a military depot even when the employee was not on duty at the time of the misconduct. *See* ID at 6. Although the appellant does not appear to challenge the administrative judge's nexus analysis on review, we modify the initial decision to discuss the proper standard for evaluating nexus when off-duty misconduct is involved. An agency may show a nexus between off-duty misconduct and the efficiency of the service by three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's job performance or the agency's trust and confidence in his job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Kruger v. Department of Justice*, 32 M.S.P.R. 71, 74 (1987). We find that the decision letter and the deciding official's unrebutted testimony, taken together, are sufficient to establish nexus under the second prong. *See* IAF, Tab 6, Subtab 4d (explaining that the use and possession of drugs can affect the appellant's judgment, reliability, and productivity, and could

---

[2] The record reflects that the depot gate sentry, who did not testify, smelled marijuana coming from the appellant's vehicle. *See* IAF, Tab 6, Subtab 4e at 5.

"seriously jeopardize" the appellant's safety and the safety of others); Hearing CD; *see also Adams v. Defense Logistics Agency*, 63 M.S.P.R. 551, 555-56 (1994) (the deciding official's unchallenged testimony that the appellant's off-duty possession of marijuana adversely affected the agency's trust and confidence in his job performance was sufficient to establish nexus).

¶7      Regarding the penalty, the appellant asserts on review that he can be rehabilitated and that the range of penalties for a first-time offense is a 14-day suspension to removal. PFR File, Tab 1 at 3. The Board has articulated factors to be considered in determining the propriety of a penalty, such as the nature and seriousness of the offense, the employee's past disciplinary record, the potential for rehabilitation, and the supervisor's confidence in the employee's ability to perform his assigned duties. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). Not all of the factors will be pertinent in every instance, and so the relevant factors must be balanced in each case to arrive at the appropriate penalty. *Id*. The seriousness of the appellant's offense is always one of the most important factors in assessing the reasonableness of an agency's penalty determination. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 7 (2013).

¶8      The appellant's arguments regarding the penalty analysis do not warrant a different outcome. Although the deciding official did not explicitly consider the appellant's potential for rehabilitation in the decision letter, he considered other relevant aggravating and mitigating factors, including the nature and seriousness of the offenses, the appellant's length of service, his prior performance, and the impact of the appellant's use and possession of illegal drugs in the workplace. *See* IAF, Tab 6, Subtab 4d. The administrative judge also acknowledged the appellant's argument, made below, that the Board is a "court of equity" and that the administrative judge could mitigate the removal penalty to a suspension; however, the administrative judge informed the appellant that his role was to decide whether the removal exceeded the maximum reasonable penalty for the sustained misconduct. *See* ID at 7. We discern no error with the administrative

judge's explanation of his role as it relates to the penalty. *See Lachance v. Devall*, 178 F.3d 1246, 1260 (Fed. Cir. 1999) (finding that when the Board sustains all of an agency's charges, the Board may mitigate the agency's original penalty to the maximum reasonable penalty when it finds the agency's original penalty too severe); *Douglas*, 5 M.S.P.R. at 306 (explaining that the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness). We also agree with the administrative judge that the charged misconduct was serious, the deciding official's penalty analysis was appropriate, and the Board has upheld removals in similar circumstances. *See* ID at 6-8 (citing *Coleman v. Department of Defense*, 100 M.S.P.R. 574, ¶ 15 (2005)). For these reasons, we affirm the removal penalty.

¶9        We have considered the appellant's remaining arguments. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We have reviewed the record, and we discern no evidence of administrative judge bias.

¶10       Finally, the appellant alleges, for the first time in his reply brief, that the agency's military attorney was prejudiced against him due to his race and age. PFR File, Tab 5 at 3. Generally, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). The appellant

did not make a claim of race or age discrimination below, *see* IAF, Tab 18 at 5, and he has not shown that such a claim is based on any new or material evidence. Therefore, we need not address this assertion on review.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:          _____

                                          William D. Spencer
                                          Clerk of the Board

Washington, D.C.